Allen, J.
The Court of Appeals held upon the facts in this case that the failure of the council of Vinton to have entered upon the journal the yea and nay vote of the suspension of the rules passing the sidewalk ordinance of June 10, 1921, to its second and third reading, showing a three-fourths affirmative vote on all suspensions by all members elected thereto, and the failure of the council to have entered upon the journal the fact of the suspension *227 of rules and the passing of the sidewalk resolution of June 27, 1921, to its second and third reading, showing a three-fourths affirmative vote of all members elected thereto, and the failure to have entered on the council record the adoption of the resolution, rendered the action of council as to the sidewalk in front of plaintiff’s property null and void and of no effect. The court therefore held that plaintiff was entitled to an injunction as prayed for.
The issues in the case then are: First. Does the failure of a ministerial officer to perform a duty enjoined upon him by law, namely, properly to record the action of the municipal council, render null and void the proceedings of such council, when as a matter of fact it was found by the court that all of the provisions of the statute in relation to the proceedings had been literally complied with by the council? Second. In case all of the proceedings of council in the passage of a resolution and ordinance providing for the building of sidewalks in the village have been literally complied with, will injunction issue to restrain the assessments of the cost of the sidewalk upon the ground of the invalidity of the ordinance and resolution, before council has an opportunity to make a record showing that the statute was complied with?
Taking up these points in order, the court is of the opinion that the provision of law contained in Section 4224, General Code, as to the recording of the vote of council by the clerk, is mandatory and must be literally complied with. This section reads as follows:
“The action of council shall be by ordinance or resolution, and on the passage of eaeh ordinance or *228 resolution the vote shall be taken by ‘yeas’ and ‘nays’ and entered upon the journal, but this shall not apply to the ordering of an election, or direction by council to any board or officer to furnish council with information as to the affairs of any department or office. No by-law, ordinance or resolution of a general or permanent nature, or granting a franchise, or creating a right, or involving the expenditure of money, or the levying of a tax, or for the purchase, lease, sale, or transfer of property, shall be passed, unless it has been fully and distinctly read on three different days, and with respect to any such by-law, ordinance or resolution, there shall be no authority to dispense with this rule, except by a three-fourths vote of all members elected thereto, taken by yeas and nays, on each bylaw, resolution or ordinance, and entered on the journal. No ordinance shall be passed by council without the concurrence of a majority of all mem bers elected thereto.”
The principle that the provision of a statute similar to Section 4224, General Code, as to recording the vote, is mandatory, has already been declared by this court in the case of Board of Education of New Concord Village School Dist. v. Best, 52 Ohio St., 138, 39 N. E., 694, 27 L. R. A., 77.
In that case the court held that the making of the record is no less mandatory and imperative than the other provisions of the section, and that in case of failure of the clerk to record the vote the result of the clerk’s neglect must fall upon the municipality.
The first proposition of the syllabus in Board of Education v. Best, supra, is as follows:
*229 “1. The clause in Section 3982, of the Revised Statutes, to-wit: ‘Upon a motion * * * to employ a * * * teacher, * * * the clerk of the board shall call, publicly, the roll of all the members composing the board; and enter on the record required to be kept, the names of those voting aye, and the names of those voting no,’ is a mandatory provision and must be strictly pursued.”
Counsel for the defendants distinguish the Best case from the case at bar. They urge that in the Best case it appears affirmatively from the record that the clerk failed to call the roll of the members of the board of education on the proposition before the board, and that the names of those voting yea and nay were not entered upon the record; that is, the defendants urge that, upon the facts, there was in the Best case a question, not of mere failure on the part of the clerk to perform his ministerial duty, but of failure of the board of education to act in accordance with the statute. In the instant case, they say, council did follow the law in its suspension of the rules and method of voting, but the clerk failed properly to record the proceedings, which fact they claim should not render the ordinance and resolution invalid.
While agreeing that the two cases differ on the facts, the court does not agree with the view that the recording of the action of council is not mandatory. The very reason for prescribing the record of the suspension of the rules and of the vote is to furnish definite and conclusive evidence that the measure has been passed by the requisite majority and in accordance with law. It is because of the need of such evidence that the require *230 ment of the recording of the vote is held in this state to be mandatory. This rule should not be relaxed.
Counsel for defendants also quote the case of Edwards v. Matthews, 100 Ohio St., 487, 127 N. E., 462, as being authority for disregarding technical defects in the record of a school board clerk. In that case, however, in which the action of a board of education was questioned, the record itself showed a sufficient compliance with the statute.
Section 4732, General Code, under which the case arose, provides:
“The secretary shall keep a full record of the proceedings of the board, properly indexed, in a book provided for that purpose. Each motion, with the name of the person making it and the vote thereon, shall be entered on the record.”
In the Edwards case, the record, which was questioned as not constituting a substantial compliance with Section 4732, reads:
“Mr. Deckard moved that the county board of education elect a county superintendent of schools for Gallia county for a term of three years at an annual salary of $2,000 with no allowance for traveling expenses. Seconded by Mr. Shelton. Motion carried.”
The syllabus of the case reads:
“A record of a county board of education which discloses the motion, the name of the member of the board making the motion, and the result of the vote upon the motion, is a substantial compliance with Section 4732, General Code.”
It is evident, therefore, that this case does not decide the important question before us, nor dispose of our previous ruling to the effect that the record *231 ing by the clerk of the fact that the requirements of Section 4224 have been complied with is mandatory and necessary to the validity of the ordinance and resolution enacted.
The question further arises whether, in such a case as this, where the court has specifically found that council did comply with the law, a record of that fact can be made after the proper time for record, in order that the action of council may have validity.
In this case it is evident that all of the equities are with the defendants. The plaintiff knew that he was required to construct the sidewalk; he received personal notice that it was to be built; he knew that it would; especially benefit his property; he knew that it would be constructed at public expense; he acquiesced in the construction of the sidewalk, which resulted in a particular advantage and increase to the value of his own property; and he attacked the assessment in a court of equity, not upon the ground that the proceedings were invalid, but upon the ground that the sidewalk was improperly laid.
Upon all questions of fact, and upon all questions excepting that relating to the validity of the passage of the sidewalk ordinance and resolution, both lower courts held against the plaintiff. This being so, even considering the question in the aspect most favorable to plaintiff, it would be a denial of justice to permit him to have his property improved at public expense without consideration, simply because a ministerial officer failed to perform a duty clearly enjoined upon him by law.
It is in accord with the spirit of the law to permit the amendment of errors in records after the *232 proper time for the making of the record has passed. Nunc pro tunc entries are authorized in courts when the proof is that the written memorial does not accurately reflect the facts, 15 Corpus Juris, p. 975, et seq.
Records of administrative and legislative bodies are allowed to be changed, after the time when they should have been made, in order to conform with the actual truth.
The court has specifically found that the record, if amended to present the real facts, would show that the council acted in accordance with law. What objection then can be urged to permitting the clerk of council to amend the record to show that Section 4224, General Code, was in fact complied with by council in the passage of the ordinance and resolution?
The court holds that where the fact is established, as in this case, that council has complied with the requirements of Section 4224 as to suspension of the vote, as to the roll call, and as to all other requirements contained in the section, but the clerk has failed properly to record the action of council, upon application for injunction by a resident of a municipality the injunction should not issue until the council has had an opportunity to make the record conform to the facts. This opportunity was not given below.
For these reasons the judgment of the Court of Appeals is reversed.

Judgment reversed.

Marshall, G. J., Wanamaker, Robinson, Jones, Matthias and Day, JJ., concur.